UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:                                                :
                                                      :
WANSDOWN PROPERTIES CORPORATION :
N.V.,                                                 :
                                                      :   Chapter 11
                                                      :   Case No. 19-13223 (SMB)
                    Debtor.                           :
------------------------------------------------------X
                                                      :
WANSDOWN PROPERTIES CORPORATION :
N.V.,                                                 :
                                                      :
                                                      :
                    Plaintiff,                        :
                                                      :
         - against -                                  :
                                                      :   Adv. Pro. No. 20-01056 (SMB)
29 BEEKMAN CORP.,                                     :
                                                      :
                    Defendant.                        :
------------------------------------------------------X

## MEMORANDUM DECISION AND ORDER

**A P P E A R A N C E S:**

BLANK ROME LLP
1271 Avenue of the Americas
New York, New York 10020

    Ira L. Herman, Esq.
    Jeffrey Rhodes, Esq.
    Evan J. Zucker, Esq.
        Of Counsel

*Special Litigation Counsel for Plaintiff*

THE SERBAGI LAW FIRM
488 Madison Avenue, Suite 1120
New York, New York 10022

    Christopher Serbagi, Esq.
        Of Counsel

*Attorney for Defendant*

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

This adversary proceeding concerns a dispute over the right to the downpayment ("Downpayment") given by the defendant-buyer ("Beekman") to the plaintiff-seller ("Debtor") in connection with an unconsummated Purchase Agreement[1] to buy real property (the "Townhouse") owned by the Debtor. In *Wansdown Props. Corp. N.V. v. 29 Beekman Corp.* (*In re Wansdown Props. Corp. N.V.*), 620 B.R. 487 (Bankr. S.D.N.Y. 2020) ("*Decision*"), the Court denied the parties' cross-motions for summary judgment and identified two factual issues. First, the Purchase Agreement ¶ 51(b) stated that "Seller represents that the net proceeds of a sale under this Contract would be sufficient to satisfy all claims against Seller and, as reasonably projected, Seller's contemplated estate in bankruptcy" (the "Proceeds Representation"). The Court concluded that the accuracy of the Proceeds Representation, a condition precedent to Beekman's obligation to close, had to be true and correct at the time of the closing ("Closing"), and the phrase "as reasonably projected" was ambiguous. *Decision*, 620 B.R. at 503-04. Second, if the Debtor could not satisfy the Proceeds Representation at Closing, "would the enforcement of the condition cause a disproportionate forfeiture to the Debtor." *Id.* at 504.

On October 19, 2020, Beekman moved for reconsideration, and on January 6, 2021, the Court granted reconsideration "solely with respect to the issue of whether, as a matter of law, the doctrine of disproportionate forfeiture as discussed in the *Decision*

---

[1] A copy of the Purchase Agreement is annexed as Exhibit A to the *Declaration of Ira L. Herman in Support of Plaintiff's Motion for Summary Judgment*, dated Apr. 8, 2020 ("Herman Declaration") (ECF Doc. # 14).

2

does or does not apply in this case." *In re Wansdown Props. Corp. N.V.*, No. 19-13223 (SMB), 2021 WL 116207, at *9 (Bankr. S.D.N.Y. Jan. 6, 2021) (*"Reconsideration Decision"*). The Court invited supplemental briefing on this limited issue. *See id.* For the reasons that follow, the Court concludes that the doctrine of disproportionate forfeiture does not apply in this case.

## DISCUSSION

A condition precedent is "an act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises." *Oppenheimer & Co. v. Oppenheim, Appel, Dixon & Co.*, 660 N.E.2d 415, 418 (N.Y. 1995); *accord Bank of N.Y. Mellon Tr. Co. v. Morgan Stanley Mortg. Cap., Inc.*, 821 F.3d 297, 305 (2d Cir. 2016). Unlike implied or constructive conditions, express conditions "are those agreed to and imposed by the parties themselves." *Oppenheimer*, 660 N.E.2d at 418. While implied or constructive conditions may be satisfied through substantial compliance, express conditions "must be literally performed." *Id.* Although "courts will interpret doubtful language as embodying a promise or constructive condition rather than an express condition," especially "when a finding of express condition would increase the risk of forfeiture by the obligee," *id.*, "[i]nterpretation as a means of reducing the risk of forfeiture cannot be employed if 'the occurrence of the event as a condition is expressed in unmistakable language.'" *Id.* (quoting RESTATEMENT (SECOND) OF CONTRACTS § 229 cmt. a (1981); *see id.* § 227 cmt. b (where language is clear, "[t]he policy favoring freedom of contract requires that, within broad limits, the agreement of the parties should be honored even though forfeiture results"); *see Int'l Fid. Ins. Co. v. City of Rockland*, 98 F. Supp. 2d 400, 434 (S.D.N.Y. 2000) ("New York courts have held that if the contract actually uses

3

the term 'condition precedent,' then the term will be construed as a condition rather than simply a promise.") (citing *Merritt Hill Vineyards Inc. v. Windy Heights Vineyard, Inc.*, 460 N.E.2d 1077, 1081 (N.Y. 1984)).

While an express condition precedent usually must be literally complied with before a duty to perform arises, "the nonoccurrence of the condition may yet be excused by waiver, breach or forfeiture." *Oppenheimer*, 660 N.E.2d at 418. "To the extent that the non-occurrence of a condition would cause disproportionate forfeiture, a court may excuse the non-occurrence of that condition unless its occurrence was a material part of the agreed exchange." *Id.* (quoting RESTATEMENT (SECOND) OF CONTRACTS § 229). Accordingly, for disproportionate forfeiture, the obligee — here, the Debtor — must establish that (1) the condition was not material; (2) a forfeiture occurred; and (3) the forfeiture was disproportionate. *Comerica Leasing Corp. v. Bombardier Inc.*, No. 16 CIV. 614 (PGG), 2019 WL 11027701, at *13 (S.D.N.Y. Sept. 30, 2019) (quoting *Fitzpatrick v. Am. Int'l Grp., Inc.*, No. 10 Civ. 142 MHD, 2013 WL 709048, at *14 (S.D.N.Y. Feb. 26, 2013)).[2] The accuracy of the Proceeds Representation at the time of

---

[2] The obligee may also meet its burden by demonstrating that the obligor has been unjustly enriched. *Oppenheimer*, 660 N.E.2d at 419 ("[I]t is undisputed that plaintiff has not suffered a forfeiture or conferred a benefit upon defendant. . . . Consequently, because the critical concern of forfeiture or unjust enrichment is simply not present in this case, we are not presented with an occasion to consider whether the doctrine of substantial performance is applicable, that is, whether the courts should intervene to excuse the nonoccurrence of a condition precedent to the formation of a contract.").

The Debtor argues that Beekman received a benefit — "the exclusive right to purchase the Townhouse in bankruptcy without having its offer subjected to higher and better bids in an auction." (*Debtor's Supplemental Brief Concerning Doctrine of Disproportionate Forfeiture and in Further Support of Motion for Summary Judgment*, dated Jan. 27, 2021 ("*Debtor's Supplemental Brief*"), at ¶ 17 (ECF Doc. # 81).) The essence of unjust enrichment "is that one party has received money or a benefit at the expense of another." *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) (quoting *City of Syracuse v. R.A.C. Holding, Inc.*, 685 N.Y.S.2d 381, 382 (N.Y. App. Div. 1999). Beekman never exercised the exclusive right or received any tangible benefit from it. Hence, a claim of unjust enrichment will not lie because "equity and good conscience" do not require Beekman to restore anything to the Debtor. *Id.* (discussing the elements of an unjust enrichment claim).

the Closing is an express condition precedent to Beekman's obligation to close. *See Decision*, 620 B.R. at 492, 503. Accordingly, the Debtor had to supply evidence on its motion for summary judgment that it would be able to satisfy the three factors that support the invocation of disproportionate forfeiture.[3]

### A.     Materiality

Beekman offered evidence that "[i]t was critical to 29 Beekman that the proceeds from the sale be sufficient to satisfy all claims so as to avoid potential obstacles, objections and/or delays to closing." (*Declaration of Seth Akabas*, dated May 7, 2020 (ECF Doc. # 24) at ¶ 10.) The Debtor did not offer any evidence to controvert Beekman's subjective evidence, but the Court nevertheless questioned the objective materiality of the Proceeds Representation. Under the Purchase Agreement, Beekman was prepared to close outside of a plan, including pursuant to a section 363 sale or even if no bankruptcy was pending. "In either case, the sufficiency of the sale proceeds and the confirmation of a plan would be irrelevant, and the sale could proceed without delay as it did." *Decision*, 620 B.R. at 504. Materiality is ultimately a question of fact, but I assume for the purpose of this decision that the Proceeds Representation was immaterial and move on to the remaining elements.

---

[3]     Obviously, if the Debtor can demonstrate that the Proceeds Representation would have been true at the time of the scheduled Closing (February 10, 2020), the discussion of disproportionate forfeiture is academic.

**B.      Forfeiture**

"'[F]orfeiture' is used to refer to the denial of compensation that results when the obligee loses his right to the agreed exchange after he has relied substantially, as by preparation or performance on the expectation of that exchange." RESTATEMENT (SECOND) OF CONTRACTS § 229 cmt. b; *accord Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 601 (2d Cir. 2005). "Under New York law, 'the contracted-for financial consequence of [a party's] own failure to do that which [it] promised to do' is not a forfeiture." *Comerica Leasing Corp.*, 2019 WL 11027701, at *13 (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, 720 F.3d 84, 94 (2d Cir. 2013)) (insertions in original); *accord Mount Sinai Hosp. v. 1998 Alexander Karten Annuity Tr.*, 970 N.Y.S.2d 533, 542 (N.Y. App. Div. 1998); *cf.* RESTATEMENT (SECOND) OF CONTRACTS § 227(1) (in determining whether an event is a condition of an obligor's duty, the preference for "reduc[ing] the obligee's risk of forfeiture" does not apply where "the event is within the obligee's control or the circumstances indicate that he has assumed the risk"). Conversely, if the failure of condition is due to the intervening act of a third party beyond the control of the party, a forfeiture may arise. *See Comerica Leasing Corp.*, 2019 WL 11027701, at *14.

The Debtor has not argued that satisfaction of the Proceeds Representation was a matter outside its control. Rather, it argues that it will lose the benefit of its bargain — retaining the Downpayment based on Beekman's breach, and in addition, it expended the time and effort to acquire a final, non-appealable Sale Order within the time requirements set forth under the Purchase Agreement and prepare for the Closing. (*Debtor's Supplemental Brief* at ¶ 13.) The argument regarding the loss of the Downpayment is circular. Beekman had committed an anticipatory breach when it refused to close under a

section 363 sale order and insisted on a confirmation order. The Debtor elected not to terminate the Purchase Agreement based on Beekman's repudiation, and instead, chose to continue with the Purchase Agreement and insist that Beekman close the sale.

Under the Purchase Agreement, the Debtor would be entitled to the Downpayment only if Beekman breached the obligation to close. But Beekman was not under an obligation to close unless the Debtor was ready, willing and able to close, including fulfilling the Proceeds Representation at Closing.[4] In short, the Debtor does not lose the benefit of the bargain if it cannot satisfy a condition precedent to Beekman's obligation to close that is within its control; in that circumstance, the bargain would require the Debtor to return the Downpayment.

It is true that the Debtor expended time and effort to acquire the Sale Order and prepare for the Closing in reliance on the Purchase Agreement. However, these steps did not relieve the Debtor of the contractual obligation to satisfy the Proceeds Representation as a condition to Closing. The Debtor made the decision to pursue a section 363 sale and prepare for Closing, and in doing so, assumed the risk that it would not be ready, willing and able to satisfy the Proceeds Representation at the time of Closing. If it could not, it cannot claim a forfeiture based on the steps it took under the Purchase Agreement to prepare for the Closing. Accordingly, the Debtor has failed to demonstrate a forfeiture.

C.   **Disproportionate**

---

[4]   This also disposes of the Debtor's argument that "[f]orfeiture applies as a matter of law because if the doctrine is not recognized in this case, Beekman will be rewarded for its breaches of the Purchase Agreement, and the Debtor will be denied its bargained-for remedy for Beekman's default." (*Debtor's Supplemental Brief* at ¶ 14.) If the Debtor was not ready, willing and able to satisfy the conditions to close, there would be no breach by Beekman of the obligation to close.

"In determining whether the forfeiture is 'disproportionate,' a court must weigh the extent of the forfeiture by the obligee against the importance to the obligor of the risk from which he sought to be protected and the degree to which that protection will be lost if the non-occurrence of the condition is excused to the extent required to prevent forfeiture." RESTATEMENT (SECOND) OF CONTRACTS § 229 cmt. b.

The Debtor argues that the forfeiture in this case would be "the total loss of its contractual rights to sell the Townhouse to Beekman pursuant to the Sale Order, including its sole remedy – the retention of the Downpayment as agreed liquidated damages – for Beekman's breaches of the Purchase Agreement and failure to close." (*Debtor's Supplemental Brief* at ¶ 18.)  Initially, if there is no forfeiture, there is no "disproportionate" forfeiture.  Thus, even though Beekman could have acquired the Townhouse at a private sale under the Sale Order without the risk of delay, there is no forfeiture to weigh against the risk that Beekman never faced.  Furthermore, the erroneous premise of the argument remains the same; Beekman breached the Purchase Agreement.  But as noted, Beekman had no obligation to close unless the Debtor satisfied the Proceeds Representation.

In addition, the Debtor did not suffer a disproportionate forfeiture by losing the ability to sell the Townhouse to Beekman.  Following the failure to consummate the transaction with Beekman, the Debtor sold the Townhouse to another buyer for $11.5 million, or $1.2 million more than Beekman agreed to pay.  Under the circumstances, the retention of the Downpayment would be a windfall, *see Prudential Ins. Co. of Am. v. S.S. Am. Lancer,* 870 F.2d 867, 871 (2d Cir. 1989) ("[E]quity, we believe, abhors a windfall."), and there is no disproportionate forfeiture.  *See Onondaga Hilltop Homes, Inc. v.*

8

*Syracuse Hous. Auth.*, No. 5:12-CV-626 (NAM/ATB), 2016 WL 10000264, at *5 (N.D.N.Y. Mar. 23, 2016) (landlords participating in Section 8 housing did not suffer disproportionate forfeiture when HUD failed to adjust rents upward because "contract rents [that Section 8 housing landlords] received exceeded the fair market rents published by HUD").

Still to be tried is what the parties intended when they agreed that the sale proceeds would be sufficient to satisfy the claims "as reasonably projected," and whether the Debtor would have been able to satisfy that condition precedent at the time of the scheduled Closing. The Court has considered the parties' remaining arguments and concludes that they lack merit.

So ordered.

Dated: New York, New York
       February 19, 2021

                                          /s/ *Stuart M. Bernstein*
                                          STUART M. BERNSTEIN
                                          United States Bankruptcy Court